UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **MICHAEL LACEY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     No. 3:07 CV 170 |
| | ) |
| **SUPERINTENDENT, INDIANA** | ) |
| **STATE PRISON,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Michael Lacey, a prisoner confined at the Indiana State Prison submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. According to the petition, prison officials found him in possession of a cell phone and charged him with trafficking. A disciplinary Hearing Board found him guilty of trafficking and imposed a loss of one hundred eighty days of earned credit time demoted him to a lower credit time earning classification, and placed restrictions on his future visitation. He appealed unsuccessfully to the Superintendent and the final reviewing authority.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .."*Id.* This rule provides the court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural

protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, Mr. Lacey asserts that prison officials should have charged him with possession of contraband rather than trafficking, and that he "was never caught in the act of trafficking with anyone, nor is there *any* evidence presented during the disciplinary hearing that established *how* or *when* this trafficking offense occurred." (Petition at p. 3, emphasis in original). There must be "some evidence" in the administrative record to support the decision of the prison disciplinary board." *Hill*, 472 U.S. at 455. This is a lenient standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citing *Hill*, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."*Id.* (citing *Hill*, 472 U.S. at 455-56).

The Indiana Department of Correction prohibits cellphones and considers them contraband. Any cellphones found in an inmate's possession come into the facility from

2

outside — through trafficking. Accordingly, that correctional officers find the petitioner in possession of a cell phone is some evidence that he engaged in trafficking. *See Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir. 1992) (holding that an inmate constructively possessed a weapon found in his cell that he shared with three other inmates). Prison officials do not have to catch an inmate in the act of trafficking in order to find him guilty, nor do they need to produce evidence establishing how or when he engaged in trafficking.

In ground two of his petition, Mr. Lacey asserts that the administrative sanction of placing him on non-contact visitation violated the Indiana Department of Correction's published guidelines and the Constitution's Fifth Amendment. In Ground three, he asserts that "the implementation of gate closures, specifically the gate closure on Lizze Lacey, the petitioner's mother" violates his rights under the Fifth and Sixth Amendments. (Petition at p. 5). In ground 4, he alleges that the denial of a final level of appeal to challenge the gate closure to his mother violated Indiana Department of Correction policy and violated the Constitution's Fifth Amendment. In ground 5, Mr. Lacey assets that revoking his mother's visitation rights constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Mr. Lacey states that he did not include grounds 3, 4, and 5 in his institutional appeal. Accordingly, it does not appear that he exhausted his administrative remedies on these issues. The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Failure to raise the issue on appeal to the final reviewing authority is a waiver of

3

the claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). But even if he had exhausted his administrative remedies as to all issues he seeks to present, he states no claim upon which relief can be granted in grounds two through five.

Section § 2254(a) provides that federal courts "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F.Supp. 765 (N.D. Ind. 1997). Violations of prison disciplinary policies, such as those alleged by this petitioner, do not state a claim for federal habeas relief, *Id.* at 774-75.

The Sixth Amendment deals with the rights of an accused in criminal prosecutions, and has no application to prison disciplinary hearings. The Fifth Amendment's due process clause applies only to acts of the federal government and does not limit actions of state officials. *Craig v. Cohn*, 80 F.Supp.2d 944, 947 (N.D. Ind. 2000).

The Fourteenth Amendment's due process clause does apply to state prison disciplinary hearings. But habeas review under the Fourteenth Amendment is limited to the protections provided by *Wolff v. McDonnell* to the deprivation of good time. Grounds two through five do not deal with the loss of earned credit time, which prolongs his confinement. These gounds deal with restrictions on his visitation, and a

4

prisoner may not seek review of the imposition of visitation restrictions of the sort alleged by Mr. Lacey in a habeas corpus petition. A petition for a writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive remedy for prisoners challenging the fact or duration of their confinement *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Actions challenging conditions of confinement, however, including restrictions on visitation, must be brought under 42 U.S.C. § 1983.  *Preiser*, 411 U.S. at 488-490. Because restrictions on visitation are a conditions of confinement claim unrelated to the fact or duration of Mr. Lacey's confinement, he may not present it to the court in this petition.

Accordingly, for the reasons stated in this order, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The dismissal of his claims related to restriction of visitation is without prejudice to his right to present them in a complaint pursuant to 42 U.S.C. § 1983.

**SO ORDERED.**

**ENTER:** July 11, 2007

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT